FILED

AUG 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRUNG V. TRAN, | No. 09-15183 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-04508-MHP |
| v. | |
| ROBERT HOREL, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued February 10, 2010
Resubmitted August 5, 2011
San Francisco, California

Before: O'SCANNLAIN, TROTT, and PAEZ, Circuit Judges.

Petitioner-Appellant Trung Tran, a state prisoner, appeals the district court's

denial of his habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291, 2253,

and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo the district court's denial of a habeas petition. *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007). Tran's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, we must determine whether the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where, as here, the state court provides no reasoning to support its decision, we still apply AEDPA deference. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). Our task is to "perform an independent review of the record to ascertain whether the state court decision is objectively unreasonable." *Id.* (internal quotations and citation omitted).

Tran argues that the state court unreasonably applied the Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979), in concluding that there was sufficient evidence that Tran was subject to California Penal Code § 186.22(b), which imposes harsher alternative penalties when a defendant commits a felony "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." Cal. Penal Code § 186.22(b)(1), (4). In this appeal, Tran challenges only the sufficiency of the evidence to support the second prong of

§ 186.22(b), relating to his specific intent.

The parties dispute whether the certificate of appealability ("COA") comprises Tran's claim that there was insufficient evidence of his specific intent to promote, further, or assist in criminal conduct by gang members. Because we think Tran has made a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we construe Tran's brief as a request to expand the COA and grant the request.

We must affirm the district court's denial of Tran's habeas petition if there was "evidence upon which a rational trier of fact could find that [Tran] acted with the specific intent to promote, further, or assist in *some* type of criminal conduct by gang members, which may include the crimes of conviction." *Emery v. Clark*, --- F.3d ----, 2011 WL 2090827 (9th Cir. May 27, 2011) (internal quotation marks omitted). The California Supreme Court has explained that the application of § 186.22(b) is warranted if "substantial evidence establishes that [Tran] intended to and did commit the charged felony with known members of a gang." *People v. Albillar*, 51 Cal. 4th 47, 68 (2010).

We conclude that there is sufficient evidence upon which a rational trier of fact could find that Tran committed the offense with the specific intent to promote,

further, or assist in criminal conduct by gang members. The trial record includes evidence that the four people with whom Tran committed the offense were all members of a gang called the Asian Gangsters. There is also evidence that Tran knew that at least some of the four were gang members. For example, one participant in the offense testified that on a previous occasion, Tran took co-defendant Huynh—a member of the Asian Gangsters—to the hospital after he was stabbed by members of a rival gang. From this testimony, a rational fact finder could find that Tran specifically intended to commit the crime with known gang members.

Because there is evidence upon which a rational trier of fact could find that Tran acted with the specific intent to promote, further, or assist in some type of criminal conduct by gang members, the state court's decision was not contrary to nor an unreasonable application of clearly established federal law. We affirm the district court's denial of habeas relief.

**AFFIRMED.**